UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aaron Olson,  

      Plaintiff,

v.

James Counts and Carolyn Colvin,
acting Commissioner of Social Security,

      Defendants.

Civ. No. 14-2193 (DWF/JJK)

**REPORT AND RECOMMENDATION**

Aaron Olson, pro se Plaintiff;

Lonnie Bryan, Esq., Assistant United States Attorney, counsel for Defendant.

JEFFREY J. KEYES, United States Magistrate Judge

Plaintiff Aaron Olson commenced this action seeking federal district court review of the Social Security Administration's ("SSA" or "Commissioner") denial of Social Security Disability Insurance benefits. The matter is now before the court on Defendants' motion to dismiss or for summary judgment. (Doc. Nos. 14 and 25.)[1] In his amended complaint (Doc. No. 6), considered along with his

---

[1] Defendants' motion to dismiss and supporting documents were filed on October 17, 2014(Doc. Nos. 14-16) under restricted access designation. The same materials were subsequently refiled as sealed documents, identified through placeholder on the Court's docket. (Doc. Nos. 25-27.) Consequently, the same motion to dismiss is identified by two entries on the Court's docket. (Doc. Nos. 14 and 25.) The Defendants' supporting memorandum is referenced at Doc. Nos. 15 and 26 and the Declaration of Roxie Nicoll, with attached exhibits is referenced at Doc. No. 16 and 27.) Citations in this Report and Recommendation are made to the earlier filings only.

1

declaration and memorandum in opposition to the motion (Doc. No. 21), Plaintiff alleges that that he is entitled to disability benefits ("DIB") based on childhood disability, and he should be receiving DIB benefits rather than the Supplemental Security Income ("SSI") benefits which he is currently receiving.[2]  The amended complaint also alleges improper reductions in his SSI payments, and asserts a claim that Defendant James Counts, an SSA employee, acted in retaliation against Plaintiff for bringing a prior *Bivens*[3] suit against Counts.

The Commissioner did not serve and file an answer to the amended complaint and did not serve and file a copy of the administrative record pursuant to Local Rule 7.2(b)(1).  Rather, the Commissioner moves to dismiss the action on grounds that, on advice of counsel, Plaintiff effectively withdrew his claim for DIB at the hearing before an ALJ on January 12, 2010, and that Plaintiff has not exhausted administrative remedies on his claim that SSI benefits are being improperly reduced.  This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. L.R. 72.1.

For the reasons stated more fully below, this Court concludes that Plaintiff's DIB claim is time-barred because it was brought more than three years after expiration of the time allowed for an appeal to district court.  This Court also concludes that Plaintiff has not exhausted his remedies on a claim for improper

---

[2]  Childhood disability benefits can be paid to a person age 18 or older if the person has a disability which began before age 22.  (Nicoll Decl., Ex. 1, p. 8.)

reduction of his SSI benefits, and he cannot maintain a private cause of action on a retaliation claim arising out of reduced benefits against the individual defendant, James Counts. It is recommended that Defendants' motion to dismiss or for summary judgment be granted. It is also recommended that Plaintiff's Joinder of Claim pursuant to Rule 18 and Motion for Clarification (Doc. No. 20), seeking to assert a prayer for monetary damages against James Counts in this action, be denied.

## BACKGROUND

### I. Procedural History and Claims

Plaintiff applied for DIB and SSI on October 17, 2007. (Nicoll Decl., Ex. 2 at 13 (Doc. No. 16, 22).) Applications for both DIB and SSI were denied by notice dated February 5, 2008 (*Id.*, Ex. 1) and were again denied by separate notices of reconsideration dated August 20, 2008. (*Id.*) Plaintiff requested a hearing before an ALJ, and a hearing was held on December 7, 2009. (*Id.*, Ex. 2.) The ALJ's decision was issued on January 12, 2010. (*Id.*) The decision stated that, on the advice of his attorney, Plaintiff amended the alleged onset date of disability to September 27, 2007; his date of last insured was December 31, 2004; and there was no medical evidence to establish disability before that date. (*Id.*) Under these circumstances, the request for hearing on DIB was effectively withdrawn, and the ALJ stated that Plaintiff understood the consequences of withdrawing his request for a hearing on his DIB claim. (*Id.*)

---

[3]   *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

As to the concurrent claim for SSI, the decision was fully favorable for Plaintiff, and he was awarded SSI benefits based on disability commencing September 27, 2007.  (*Id.*)

After the decision by the ALJ was issued in January 2010, the DIB claims and SSI claims took separate administrative tracks.  In March 2010, Plaintiff was provided Notice of the amount of his monthly SSI benefits, including calculations for past payments due from October 17, 2007, the date of application.  (*Id.*, Ex. 5, pp. 1-41.)  The payment calculations included reductions for the value of food and shelter received as a result of living in someone else's residence.  (*Id.*, pp. 1-3, 11-16)[4]  By Notice of Change in Payment dated December 21, 2011, Plaintiff was advised that there would be no reduction from his monthly SSI payment commencing January 2012, and he would receive the full payment of $698.00. (*Id.*, Ex. 5, pp. 28-41.)   On December 7, 2012, SSA sent Plaintiff a Notice of Reconsideration which evidences earlier efforts by Plaintiff to contest the reductions in SSI benefits that had been taken since October 2007.  The Notice of Reconsideration cited unanswered requests from SSA for documentation of living expenses paid by Plaintiff during the pertinent time periods (to be used as set-offs against presumed values of such expenses).[5]  (*Id.*, Ex. 6, pp. 1-2.)  The

---

[4]     Payments for November 2007 and December 2007 were reduced by $207.66, leaving a monthly payment amount of $415.34; payments for January 2008 through and December 2008 were reduced by $212.33, leaving a monthly payment amount of $424.67; and payments for January 2009 and continuing thereafter were reduced by $224.66, leaving a monthly payment of $449.34.

[5]     20 C.F.R. § 416.1130(c) provides that a one-third reduction in SSI benefits

Notice advised Plaintiff that he had 60 days[6] to request a hearing before an ALJ, in the event he disagreed with the decision. (*Id.*, pp. 2-3.) Plaintiff requested a hearing, and such hearing was held on August 15, 2013. The ALJ issued a decision that was fully favorable to Plaintiff on August 27, 2013 (*Id.*, Ex. 7, pp. 1-7.), finding that Plaintiff's monthly SSI payments had been incorrectly reduced because he had either paid rent to his mother, or had been homeless, during each of the months at issue. (*Id.*, pp. 4-7.) In essence, Plaintiff has been wholly successful in obtaining the full amount of claimed SSI benefits for which he is eligible. However, it now appears that Plaintiff is alleging yet another reduction in SSI payments of approximately ten percent, due to an SSA clerical mistake, as to which SSA has been remiss in correcting.

Meanwhile, Plaintiff requested Appeals Council review of the ALJ's January 12, 2010 decision, though the specific grounds for the appeal are not indicated in the record now before the court. The Appeals Council denied review by Notice issued March 11, 2011. (*Id.*, Ex. 3.) The Notice expressly advised Plaintiff that he had 60 days in which to file a civil action seeking district court review. (*Id.*) This case was commenced by complaint filed on June 24, 2014 (Doc. No. 1), more than three years after expiration of the time allowed for a

---

applies if the claimant is living in the household of a person who provides the claimant with food and shelter. Plaintiff was living in his mother's home during portions of the relevant time periods.

[6] SSA Notices advise claimants that they have 60 days in which to ask for an appeal, commencing the day after the notice letter is received. It is assumed that the letter was received five days after the date posted on the letter.

district court appeal. An amended complaint was filed on August 6, 2014. (Doc. No. 6.)

Count 1 of the amended complaint states that Plaintiff's application for disability benefits was denied at the administrative appeals level; that the sole issue is whether Plaintiff's eligibility for disability benefits predates his twenty-second birthday; that the SSA refuses to review his childhood medical records; and that he was advised by the SSA that his only recourse for obtaining disability insurance was through federal district court. Count II of the amended complaint alleges that SSA has been improperly reducing his monthly SSI payments due to a clerical mistake and the agency has not corrected the error. Plaintiff alleges that making the necessary clerical correction was the responsibility of SSA agent James Counts, and Counts' lack of diligence in resolving the issue was retaliation for a prior *Bivens* action[7] brought by Plaintiff against Counts. The amended complaint requests an injunction against SSA and Counts requiring them to cease making reductions from Plaintiff's SSI payments.

## II.   Standard of Review on Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive

---

[7]   *Olson v. Counts*, No. 12cv218 ADM/TNL. This case was summarily dismissed (Doc. No. 6) because it was duplicative of a case previously filed by the Plaintiff, and was therefore frivolous, and because Plaintiff did not have a private right of action against a Social Security administrator. The previously filed case, *Olson v. United States Social Security Administration*, No. 11cv1596 ADM/TNL, was an action based on Plaintiff's claims that his SSI payments were improperly suspended. The action was dismissed because he had not yet

6

a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).  It must not, however, give effect to conclusory allegations of law.  *Stalley ex rel. United States v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  The plaintiff must do more than offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action . . . ."  *Twombly*, 550 U.S. at 555.  Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ."  *Id.*  Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, a Rule 12(b)(6) motion must be treated as a motion for summary judgment.  Fed. R. Civ. P. 12(d).  But the court may consider exhibits attached to the complaint and documents that are necessarily embraced by the complaint without converting the motion into one for summary judgment.  *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).  While materials outside the pleadings have been offered by Defendants, those materials are exclusively administrative decisions and notices which are necessarily embraced by the complaint. Extraneous materials filed by Plaintiff are similar administrative documents that

---

exhausted administrative remedies.

were submitted as attachments to his request to join claims for money damages against James Counts, and not with his memorandum in opposition to dismissal. This matter will be construed as a motion to dismiss under Rule 12(b)(6).  *See Shaver v. Astrue*, 783 F.Supp.2d 1072, 1077 (N.D. Iowa 2011).

### III.   Analysis

#### A.   Count 1:  DIB Claim

Plaintiff's amended complaint seeks judicial review of the Commissioner's ruling that Plaintiff's DIB claim was effectively withdrawn as a result of Plaintiff amending the onset date of disability to September 27, 2007, in light of the absence of medical records to establish a disability on or before December 31, 2004, his date of last insured.  Plaintiff commenced this action on June 24, 2014, more than 60 days after the Appeals Council denied his appeal of the ALJ's decision by notice issued on March 11, 2011.  (Nicoll Decl., Ex. 3.)  Indeed, the complaint was filed more than three years after the time had expired for an appeal of a final decision pursuant to 42 U.S.C. § 405(g).

Plaintiff acknowledges this delay, but contends that the time for an appeal should be equitably tolled because, during that period of time, SSA and James Counts were interfering with Plaintiff's SSI payments, and were not properly providing him with notices of agency actions relating to his SSI benefits, and he was "too overwhelmed" with SSI matters for almost a year to address DIB issues. (Pl's Decl. and Mem. in Opp., p. 5.)  Plaintiff suggests that "it is most reasonable to infer that James Counts was acting deliberately and in concert with other

government agents to disrupt not only Plaintiff's Social Security benefits, but to disrupt any means of Plaintiff resolving such disruption, including his ability to make administrative appeals . . ." *Id.* Plaintiff also faults his former attorney for failing to collect and submit childhood records at the first ALJ hearing in December 2009, contrary to Plaintiff's understanding. *Id.* at 7.

The sixty-day period for filing an appeal of an SSA decision in federal district court may be equitably tolled, though only in rare cases, such as where secretive conduct by the government prevents the plaintiff from knowing of a violation of rights. *Shaver v. Astrue*, 783 F.Supp.2d 1072, 1076 (N.D. Iowa, 2011) (citing *Bowen v. City of New York*, 476 U.S. 467, 479-81 (1986).) Circumstances in which equitable tolling may be applied to toll a limitations period involve misleading or fraudulent conduct by someone other than the claimant. *Id.* (citing *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988).) Typically, a party seeking equitable tolling must show that; (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance interfered with his pursuit. *Id.* (citing *Burns v. Prudden*, 588 F.3d 1148, 1150 (8th Cir. 2009).) Equitable tolling has been limited to situations in which the claimant actively pursued judicial remedies by filing a defective pleading during the statutory period, or where the claimant has been induced or tricked into allowing the filing deadline to pass as a result of the government's misconduct. *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).)

Plaintiff here argues that he did not receive notice of the denial of administrative relief regarding his DIB claim until the time for bringing a district court appeal had elapsed. (Pl's Mem. in Opp., p. 5.) Thereafter, for the next year or so, he was too overwhelmed with his efforts to get full SSI payments reinstated to address the DIB issues. *Id.* Plaintiff does not state that he never received notice of the Appeals Council decision, and he does not assert that he promptly made any effort to appeal the decision or seek an extension of time to appeal from SSA. Although Plaintiff contends that the agency refused to send documents and notices to the post office box that he specifically designated as his address, instead sending notices to a physical address at which he only stayed intermittently, Plaintiff makes no showing that SSA intentionally prevented him from getting the notices. Equally important, there is no allegation or evidence to show that SSA misled Plaintiff or otherwise prevented him from filing a district court appeal during the entire duration of time between his receipt of the Appeals Council notice and his filing this action in federal court, and there is no contention or evidence to show that Plaintiff himself exhibited appropriate diligence in making his DIB appeal upon obtaining notice of the Appeals Council decision and notice of the time allowed for an appeal. Plaintiff does not indicate the date on which he actual received the Notice of Appeals Council Action, but he does state that he was consumed by his SSI case for a year after getting the notice. This lapse of time was not attributable to Defendants and is not subject to equitable tolling. Plaintiff's district court appeal of the final decision on his

application for DIB is untimely and there are no grounds for equitable tolling. Defendants' motion to dismiss Count 1 of the amended complaint should be granted.

### B. Count 2: SSI Claim

Defendant moves to dismiss Plaintiff's Count 2 allegation on grounds that Plaintiff has not exhausted his administrative remedies on the claim that SSA has been improperly reducing his monthly SSI payments. The record before the court shows a history of SSI payment disputes reaching back to reductions in Plaintiff's initial payments for the presumed value of living accommodations. Plaintiff disputed these reductions and ultimately prevailed in administrative proceedings as indicated by a favorable ALJ decision dated August 27, 2013. (Nicoll Decl., Ex. 7.) The reduced SSI payments at issue in Count 2 of the amended complaint were made subsequent to the ALJ's decision on prior disputes and allegedly involve clerical mistakes that were not a subject of an earlier appeal process.

Plaintiff is now seeking judicial review of an agency action that has not been subjected to any administrative review process. Pursuant to 20 C.F.R. § 416.1402(b), any suspension, reduction, or termination of SSI benefits constitutes an initial determination that is subject to administrative and judicial review. An SSI claimant who is dissatisfied with an initial determination may request reconsideration of the determination, and if dissatisfied with the reconsideration decision, may request a hearing before an ALJ. 20 C.F.R. §

11

416.1407.   Finally, an unfavorable decision by the ALJ can be appealed to the Appeals Council.  20 C.F.R. § 416.1467.  Only a final decision of the Commissioner can be appealed to the district court.  42 U.S.C. § 405(g); *Sipp v. Astrue*, 641 F.3d 975, 979-80 (2011).  "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, and to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."  *Degnan v. Burwell*, 765 F.3d 805, 808 (8th Cir. 1214) (*quoting Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

      This case provides telling examples of reasons for requiring exhaustion of administrative appeals.  The record is essentially devoid of any information to explain or support either the claimant's or the agency's position in regard to any current SSI payment suspensions or reductions.  Thus, there is no basis whatsoever for a judicial decision favoring Plaintiff, and a record that would support his position could only be developed through administrative processes.  Specifically, there is no evidence to establish or explain circumstances regarding Plaintiff's allegation that a clerical error has gone uncorrected for about three months, and there is no evidence in the record to support Plaintiff's suspicion that the delay in correcting the SSI file is retaliation by case supervisor James Counts for the *Bivens* action Plaintiff brought against him.  Equally important, Plaintiff may receive a favorable outcome through an agency appeal, as has previously

occurred (*see* Nicoll Decl., Ex. 7), thereby obviating any need for judicial review. Certainly the court is not oblivious or entirely insensitive to Plaintiff's frustration with SSA's actions and processes, and any hardships he has experienced as a result of reduced or suspended payments. But Plaintiff has not exhausted administrative remedies and has provided no concrete basis to justify excusing him from this exhaustion requirement. Plaintiff has not asserted that SSA has somehow waived the exhaustion requirement, and this Court finds no grounds on which conclude that the exhaustion requirement has been effectively waived. *See Titus v. Sullivan*, 4 F.3d 590, 592 (8th Cir. 1993) (citing *Bowen v. City of New York,* 476 U.S. 467, 483 (1986) (waiver of exhaustion requires plaintiff to show that: (1) administrative exhaustion would be futile; (2) irreparable injury will occur if administrative exhaustion is required; and (3) the claims brought for judicial review are collateral to the claim for benefits).) Count 2 of the amended complaint should be dismissed.

### C. Motion for Joinder of Claim Re: James Counts

Plaintiff filed a separate motion seeking to assert a claim for monetary damages against James Counts. (Doc. No. 20.) Plaintiff has not shown a basis for a claim for money damages against Counts, and in any event, such an allegation would be futile as a matter of law for failure to state a claim for which relief could be granted.

James Counts is an SSA administrative employee and is Plaintiff's case supervisor. It is firmly established that a Social Security disability claimant has

no cause of action for money damages against an SSA administrator, in an individual capacity, for violation of constitutional rights in the denial of Social Security disability benefits. *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988). In *Schweiker*, the Supreme Court concluded that Congress had provided for a comprehensive administrative structure for making determinations regarding disability eligibility, and this structure included processes for obtaining administrative and judicial review of agency decisions, including review of constitutional claims, thereby precluding a *Bivens* action. *Id.* at 424; *see also Mehrkens v. Blank*, 556 F.3d 865, 870 (2009). Congress did not make provision for claims for money damages against officials responsible for unconstitutional conduct that leads to a wrongful denial or interference with benefits. *Id.* Therefore, "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violation that may occur in the course of its administration, [the Supreme Court has] not created additional *Bivens* remedies." *Id.*

Plaintiff now moves to amend his amended complaint to allege a claim for money damages against SSA agent James Counts, presumably in connection with his Count 2 assertion that James Counts mishandled his SSI funds and may have acted in retaliation against Plaintiff in regard to "overseeing the correction in this latest disruption in Plaintiff's SSI funds, . . ." (Amd. Compl., Para. 12.) Such a cause of action is precluded under *Schweiker v. Chilicky*, 487 U.S. at 414. The motion seeks to assert a claim for which relief cannot be granted and is futile

14

as a matter of law.  Plaintiff's motion to amend to allege a claim for money damages against James Counts should be denied.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss or for Summary Judgment (Doc. Nos. 14 and 25) be **GRANTED**; and

2. Plaintiff's Joinder of Claim pursuant to Rule 18 and Motion for Clarification (Doc. No. 20) be **DENIED**; and

3. This case be **DISMISSED WITH PREJUDICE**.


Date: February 27, 2015

        _s/*Jeffrey J. Keyes*_____
        JEFFREY J. KEYES
        United States Magistrate Judge


Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 13, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.