UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aaron Olson,                                                                   Civil No. 14-2193 (DWF/JJK)

                Plaintiff,

v.                                                                  **ORDER ADOPTING REPORT
                                                                  AND RECOMMENDATION**

James Counts and Carolyn Colvin,
Acting Commissioner of Social Security,

                Defendants.

This matter is before the Court upon Plaintiff Aaron Olson's ("Plaintiff") objections (Doc. No. 33) to Magistrate Judge Jeffrey J. Keyes's February 27, 2015 Report and Recommendation ("R&R") (Doc. No. 28) insofar as it recommends that: (1) Defendants' Motion to Dismiss or for Summary Judgment be granted; (2) Plaintiff's Joinder of Claim pursuant to Rule 18 and Motion for Clarification be denied; and (3) this case be dismissed with prejudice. Defendants filed a response to Plaintiff's objections on April 28, 2015. (Doc. No. 37.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the R&R and is incorporated by reference for purposes of Plaintiff's objections.

In the R&R, Magistrate Judge Keyes concluded that Plaintiff's district court appeal of the final decision relating to his disability benefits ("DIB") was untimely and

that there were no grounds for equitable tolling because the lapse of time was not attributable to Defendants. (Doc. No. 28 at 8-11.) As a result, Magistrate Judge Keyes recommended that Defendants' motion to dismiss Count 1 of the Amended Complaint should be granted.

Magistrate Judge Keyes further concluded that Plaintiff had failed to exhaust his administrative remedies on his claim relating to his Supplemental Security Income ("SSI") benefits and that, as a result, Plaintiff's claim relating to SSI (Count 2) should be dismissed. Specifically, Magistrate Judge Keyes found that because Plaintiff had not exhausted his administrative remedies, the record is "essentially devoid of any information" supporting Plaintiff's claims. Magistrate Judge Keyes also found that no grounds for waiver of the exhaustion requirement had been presented.

Finally, Magistrate Judge Keyes concluded that Plaintiff's motion for joinder (Doc. No. 20), seeking to assert a claim for money damages against a SSA administrator, James Counts, is both precluded under relevant case law and is futile as a matter of law. As a result, Magistrate Judge Keyes recommended that the motion be denied.

Plaintiff objects to the R&R on a number of grounds. (*See generally* Doc. No. 33.) First, Plaintiff appears to assert that the R&R contains certain factual errors. For example, Plaintiff asserts that his opposition to Defendants' motion to dismiss included certain medical evidence that the R&R stated it did not include. Plaintiff argues that, as a result, his case in federal district court is proper. Plaintiff also argues that the alleged additional information relating to James Counts' past conduct towards

him further supports his claims relating to his SSI benefits.   Next, Plaintiff asserts that certain letter-exhibits were properly submitted, which shows that any undue delay was not his fault.   Plaintiff further reiterates his previous arguments regarding his living situation, past illness, previous attorneys, and other issues that he asserts should, in "equity," allow his DIB claims to proceed in this case.   Plaintiff also reiterates previous arguments with respect to equitable tolling, and the difficult situation he alleges prevented him from addressing the issues with his DIB claims.   Plaintiff claims that he exercised full due diligence and that this case should proceed as a result.   Finally, Plaintiff seeks to include "other incidents actionable as Bivens claims" against James Counts.   (*Id*. at 9.)

In addition to the above detailed objections, Plaintiff also brings a self-styled "Motion for Clarification & Jury Demand," seeking either a hearing or the opportunity to submit additional evidence in support of all of the above assertions.   (*See* Doc. No. 34.) Plaintiff also adds that he seeks a jury trial for his *Bivens* claims.   (*Id.*)   Plaintiff has further moved to amend his complaint to add additional allegations, particularly allegations relating to James Counts.   (*See generally* Doc. Nos. 32 & 35.)

The Court concludes that Plaintiff fails to offer any justification for deviating from the R&R.   The Court agrees with Magistrate Judge Keyes that Plaintiff's district court appeal as it relates to his DIB was untimely and that there are no grounds for equitable tolling.   Even taking all of Plaintiff's factual assertions as true, including those additional allegations found in the proposed amended complaint, the record still does not support

equitable tolling in this matter because Plaintiff has not shown that his pursuit of his claims was impeded by a defective pleading during the required period or that he had been either induced or tricked into filing after the deadline by Defendants' conduct. *See Shaver v. Astrue*, 783 F. Supp. 2d 1072, 1076 (N.D. Iowa 2011). Further, as Defendants note, contrary to Plaintiff's representations, Plaintiff was able to diligently pursue other matters in other courts and could have likely done so here. Put another way, the Court agrees with Magistrate Judge Keyes's analysis that, even accepting all of Plaintiff's arguments and facts as true, Plaintiff still cannot show that his DIB-related claim is proper. For example, assuming that it was difficult for Plaintiff to communicate with the SSA as asserted in his surreply (*see* Doc. No. 40), such a situation still cannot meet the legal requirements for equitable tolling. The law does not use a *Plaintiff's* ability to bring a claim (*see id*. at 2), as the measurement for timeliness.

The Court also concludes that Plaintiff's objections fail to show that Plaintiff has exhausted his administrative remedies as they relate to his SSI claim. Further, as Defendants state, a *Bivens* remedy is not applicable to the instant case. The Court also finds that the record does not support Plaintiff's motion for joinder. (Doc. No. 20.) All of the Court's above-analysis still holds true even if the Court were to consider and accept the additional allegations in Plaintiff's proposed amended complaint (Doc. Nos. 32 & 35). Finally, the Court agrees with Magistrate Judge Keyes that, "[c]ertainly the court is not oblivious or entirely insensitive to Plaintiff's frustration with SSA's actions and processes, and any hardships he has experienced as a result of reduced or

4

suspended payments," but such frustration and hardship do not meet the legal requirements of timeliness and administrative exhaustion.

As noted above, the Court has also considered Plaintiff's Motion for Leave of the Court to Amend Complaint (Doc. No. 32), his proposed amendments (*id.*), and his Motion for Clarification & Jury Demand (Doc. No. 34).  The Court concludes that both motions are moot in light of the above analysis.  However, even considering Plaintiff's proposed amendments to be true, the Court's conclusions still stand, and Plaintiff still cannot state claims that can survive dismissal.

Thus, based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.      Plaintiff Aaron Olson's objections (Doc. No. [33]) to Magistrate Judge Jeffrey J. Keyes's February 27, 2015 Report and Recommendation are **OVERRULED**.

2.      Magistrate Judge Jeffrey J. Keyes's February 27, 2015 Report and Recommendation (Doc. No. [28]) is **ADOPTED**.

3.      Defendants' Motion to Dismiss or for Summary Judgment (Doc. Nos. [14] and [25]) is **GRANTED**.

4.      Plaintiff's Joinder of Claim pursuant to Rule 18 and Motion for Clarification (Doc. No. [20]) is **DENIED**.

5. Plaintiff's Motion for Leave of the Court to Amend Complaint (Doc. Nos. [32] and [35]) is **DENIED AS MOOT**.

6. Plaintiff's Motion for Clarification & Jury Demand (Doc. No. [34]) is **DENIED AS MOOT**.

7. This case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   June 5, 2015            s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge